**Denis Martin CASTRO–MARTINEZ, a.k.a. Denis Martin Castro, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–71366.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2012.*

Filed Oct. 15, 2012.

Denis Martin Castro–Martinez, Long Beach, CA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Laura M.L. Maroldy, OIL, Rosanne Perry, DOJ—U.S. Department of Justice, Benjamin Franklin Station, Washington, DC, for Respondent.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

### MEMORANDUM **

Denis Martin Castro–Martinez, a native and citizen of Nicaragua, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

In his opening brief, Castro–Martinez fails to raise any challenge to the agency's dispositive determination that his asylum application was time-barred. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n. 3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief). Accordingly, his asylum claim fails.

Castro–Martinez testified to problems family members had with the Sandinistas twenty-five years previously. The agency found that Castro–Martinez failed to establish past persecution. The record does not compel a contrary conclusion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (to reverse the agency's finding "we must find that the evidence not only supports that conclusion, but compels it"). Because

** This disposition is not appropriate for publi-

Castro–Martinez did not establish past persecution, he is not entitled to a presumption of future persecution by the Sandinistas. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003). Further, substantial evidence supports the agency's finding that Castro–Martinez did not establish a clear probability of future persecution. *See id.* (finding speculative possibilities insufficient to be credited as a basis for fear of future persecution).

Finally, the record does not compel the conclusion that Castro–Martinez more likely than not will be tortured by, or with the consent or acquiescence of, the government if he returns to Nicaragua. *See Wakkary*, 558 F.3d at 1067–68.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.